```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| KENITHA L. FERGUSON HARRINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 23-cv-02790-SHM-cgc |
| DEMARIO D. WHITE, J.S. MANAGEMENT, INC., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING DEFAULT JUDGMENT WITHOUT PREJUDICE**

Before the Court is Plaintiff Kenitha L. Ferguson Harrington's March 15, 2024 Motion for Default Judgment ("Motion"). (ECF No. 12.) For the following reasons, the Motion for Default is DENIED without prejudice as premature.

Proceeding pro se, Plaintiff filed a complaint against Defendants on December 18, 2023, alleging breach of contract. (ECF No. 1.) Plaintiff submitted proof of service on Defendant White on February 21, 2024 and proof of service on Defendant J.S. Management of February 23, 2024. (ECF Nos. 7, 8.) Neither party has entered an appearance.

On March 11, 2024, Plaintiff filed a Request for Entry of Default against Defendant White. (ECF No. 10.) The request made no reference to Defendant J.S. Management. (Id.) On March 14,

2024, the Clerk of Court entered default against Defendant White only. (ECF No. 11.) Plaintiff filed the instant Motion on March 15, 2024, asking the Court to enter a default judgment against Defendant White. (ECF No. 12.)

Rule 55 creates a two-step process for obtaining a default judgment. First, the Clerk of Court enters a default if the defendant has failed to answer or defend the complaint. Fed. Civ. P. 55(a). Then, the plaintiff may move the court for a default judgment. Fed. R. Civ. P. 55(b).

When a plaintiff has not moved for default judgment against all defendants in a multi-defendant case, the Court has discretion to grant default judgment against some defendants and let the remaining claims proceed, or to deny default judgment until the claims against all defendants have been resolved. See Fed. R. Civ. P. 55, advisory committee's note (2015 Amendment) (explaining that default judgments that do not dispose of all claims among all parties are not final judgments); but see Wright v. Rocky Top Xpress, LLC, No. 3:18-cv-320-TAV-HBG, 2020 WL 13460986, at *1-2 (E.D. Tenn Jan. 28, 2020); Samson v. Mays, No. 4:23-cv-00015-JRG-SKL, 2023 WL 5155023, at *2 (E.D. Tenn., Aug. 3 2023).

The Sixth Circuit has described the entry of default as a "harsh sanction," emphasizing the "strong preference for trials on the merits in federal courts." Shepard Claims Serv., Inc. v. William Darrah and Assocs., 796 F.2d 190, 193 (6th Cir. 1986).

2

    Plaintiff has not obtained entry of default against Defendant J.S. Management.  In this case, a partial resolution that potentially disposes of Plaintiff's claim against Defendant White, but allows the claim against Defendant J.S. Management to proceed is not in the interest of justice or judicial economy.  Defendant's Motion is DENIED without prejudice.

    SO ORDERED this 28th day of March, 2024.

                                       */s/ Samuel H. Mays, Jr.*
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT JUDGE